ON APPLICATION FOR REHEARING
PER CURIAM.
|! Petitioner applied to sit for the July 2010 Louisiana bar examination. The Committee on Bar Admissions (“Committee”) denied his application, citing four criminal charges: (1) petitioner’s arrest in March 2001 stemming from an altercation with his parents, in which he was charged with two counts of attempted first degree murder, and subsequently pleaded guilty to simple battery and aggravated assault; (2) his arrest in August 2005 for simple assault, resisting an officer, and battery of a police officer; (3) his May 2009 arrest for public drunkenness and public intimidation; and (4) his August 2009 arrest for resisting an officer. We subsequently allowed petitioner to sit for the bar exam, with the condition that upon successfully passing the exam, he apply for the appointment of a commissioner to take character and fitness evidence.
After petitioner successfully passed the bar exam, and on his application, we appointed a commissioner. The commissioner conducted a hearing, but following the hearing, petitioner and the Committee submitted a joint stipulation agreeing that petitioner should be admitted to the bar, subject to a one-year period of probation during which he would be required to complete an anger management program. The commissioner then filed his report with this court, adopting the joint stipulation as his recommendation.
After consideration of the entire record, we concluded that petitioner did not meet his burden of proving his good moral character and fitness to practice law. In *301 |2addition to the extremely serious criminal conduct in which petitioner had engaged in the several years preceding his application to the bar, we were also concerned about his lack of candor in completing his law school applications, an issue revealed during petitioner’s sworn statement in the bar admission proceeding.[1] Accordingly, on September 30, 2011, we denied petitioner’s application for admission to the practice of law.
In May 2014, petitioner filed his second application for admission. We denied that application on June 30, 2014.
Petitioner then filed a timely application for rehearing of the court’s June 30, 2014 judgment. Prior to any action by the court on the application for rehearing, petitioner filed a motion seeking leave to file a supplemental memorandum explaining why the court’s recent settlement agreement with the United States Department of Justice supports his application for admission to the bar. We granted petitioner’s motion, and petitioner filed a supplemental memorandum on September 30, 2014.
Having considered the supplemental memorandum, we now deny petitioner’s application for rehearing. Petitioner spends much of his application arguing he has adequately addressed his anger management and aggression issues. However, our decision to deny petitioner’s application for admission to the bar was not based on his mental health diagnosis. To the contrary, the record of these proceedings is replete with evidence that petitioner has engaged in violent conduct which has resulted in criminal consequences and reflects adversely on his good moral character. Additionally, petitioner has demonstrated a lack of candor during [sthe course of these bar admission proceedings. Petitioner’s conduct reveals a fundamental lack of moral fitness necessary for admission to the bar. These factors caused us to conclude that petitioner failed to meet his burden of proving that he had good moral character and fitness to practice law. See Supreme Court Rule XVII, § 5(D). Accordingly, we denied his petition for admission on September 30, 2011.
Petitioner’s current application sets forth no relevant change in circumstances regarding his character and fitness since we denied his application in 2011.[2] See In re: Jordan, 00-3006 (La.12/15/00), 775 So.2d 1065 (holding that once an applicant is denied admission to the bar, a subsequent application for admission will not be considered absent a “showing of facts relating to applicant’s character and fitness to practice law that have changed since this court denied [the] prior application.”). Accordingly, we decline to revisit our judgment of June 30, 2014 denying petitioner’s second application for admission. The application for rehearing is denied.
REHEARING DENIED.
*302 KNOLL, J., dissents and would grant rehearing.
WEIMER, J., dissents.
HUGHES, J., dissents and would grant rehearing.

. At the time petitioner submitted his law school application in 2007, he had been arrested twice; however, he admitted he did not disclose either of these arrests on his application. Thereafter, petitioner transferred to another law school, but disclosed only that he had been arrested in 2001 following a “verbal altercation” with his father which “became physical.” Petitioner did not disclose that he was charged with two counts of attempted first degree murder arising out of that incident, nor did he disclose his 2005 arrest for assault, resisting arrest, and battery of a police officer.

. The primary change asserted by petitioner relates to his contention that his underlying anger management issues are now adequately controlled. However, as discussed earlier, our decision to deny petitioner’s admission was based on his pattern of conduct, not his mental health status.